MEMORANDUM **
Marlen Rivera-Alonso, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals’ dismissal of her appeal from an immigration judge’s denial of cancellation of removal for failure to demonstrate that her United States citizen children would suffer exceptional and extremely unusual hardship, as required by 8 U.S.C. § 1229b(b)(l)(D). Rivera-Alonso contends that she was denied due process due to ineffective assistance of counsel at her hearing before the immigration judge. Our jurisdiction is governed by 8 U.S.C. § 1252. We deny the petition for review.
Rivera-Alonso contends that counsel provided ineffective assistance because his late arrival at her hearing annoyed the immigration judge, and that she therefore did not receive a full and fair hearing.
“Where an alien is given a full and fair opportunity to be represented by counsel, to prepare an application for ... relief, and to present testimony and other evidence in support of the application, he or she has been provided with due process.” Vargas-Hernandez v. Gonzales, 497 F.3d 919, 926-27 (9th Cir.2007). In order to prevail on a claim that he or she was denied a full and fair hearing, an alien must show prejudice, or establish that the violation of his or her rights potentially affected the outcome of the proceedings. Id. at 926; see also Lara-Torres v. Ashcroft, 383 F.3d 968, 973 (9th Cir.2004) (setting forth requirements for ineffective assistance claim); amended by 404 F.3d 1105 (9th Cir.2005) (order).
The immigration judge reprimanded counsel for his tardiness but also permitted Rivera-Alonso to present her case. Contrary to Rivera-Alonso’s contention, the judge fully considered her hardship testimony in his decision. Rivera-Alonso has not established that she was denied due process. See Vargas-Hernandez, 497 F.3d at 926-27.
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.